IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GLEN A. NETTLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:12-CV-370-WHA |
| ) | [WO] |
| ) | |
| DAVID WARREN, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Glen A. Nettles ["Nettles"], an individual confined at the Macon County Jail, challenges the conditions of confinement to which he is subjected. Nettles seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

The defendants filed a special report and supporting evidentiary materials addressing Nettles' claims for relief. In these documents, the defendants assert that the complaint is due to be dismissed because Nettles failed to properly exhaust the administrative remedy available to him at the Macon County Jail with respect to the claims presented in this cause of action. The defendants base their exhaustion defense on the plaintiff's failure to submit an inmate request form containing a grievance regarding the claims raised in the complaint.

Pursuant to governing case law, the court deems it appropriate to treat the

defendants' written report as a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) (citations omitted) ("[A]n exhaustion defense - as in [this] case - is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'"). Thus, this case is now pending on the defendants' motion to dismiss. Upon consideration of this motion and the evidentiary materials filed in support thereof, the court concludes that the defendants' motion to dismiss is due to be granted to the extent they seek dismissal of this case on exhaustion grounds.

## II. DISCUSSION

Nettles challenges the general conditions of confinement present in the Macon County Jail. It is undisputed that Nettles did not submit a grievance to jail officials regarding his conditions claims. The defendants therefore maintain that Nettles is entitled to no relief because he failed to properly exhaust the administrative remedy provided at the Macon County Jail prior to filing this complaint as is required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

The Prison Litigation Reform Act compels exhaustion of available administrative remedies before a prisoner can seek relief in federal court on a § 1983 complaint. Specifically, 42 U.S.C. § 1997e(a) states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "Congress has provided in § 1997(e)(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative remedies." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion of all available administrative remedies is a precondition to litigation and a federal court cannot waive the exhaustion requirement. *Booth*, 532 U.S. at 741; *Nettles v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998); *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378 (2006). Moreover, "the PLRA exhaustion requirement requires ***proper exhaustion***." *Woodford*, 548 U.S. at 93, 126 S.Ct. at 2387 (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules [as a precondition to filing suit in federal court] because no adjudicative system can function effectively without imposing some orderly structure on the courts of its proceedings.... Construing § 1997e(a) to require proper exhaustion ... fits with the general scheme of the PLRA, whereas [a contrary] interpretation [allowing an inmate to bring suit in federal court once administrative remedies are no longer available] would turn that provision into a largely useless appendage." 548 U.S. at 90-91, 93, 126 S.Ct. at 2386-2387. The Court reasoned that

because proper exhaustion of administrative remedies is necessary an inmate cannot "satisfy the Prison Litigation Reform Act's exhaustion requirement ... by filing an untimely or otherwise procedurally defective administrative grievance or appeal[,]" or by effectively bypassing the administrative process simply by waiting until the grievance procedure is no longer available to her. 548 U.S. at 83-84, 126 S.Ct. at 2382; *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005) (inmate who files an untimely grievance or simply spurns the administrative process until it is no longer available fails to satisfy the exhaustion requirement of the PLRA).

The record in this case establishes that the Macon County Jail provides a grievance procedure for inmate complaints. *Defendants' Exhibit C - Doc. No. 21-9*; *Defendants' Exhibit D - Doc. No. 21-10.* The plaintiff does not challenge the availability of a grievance procedure at the jail. The relevant portion of the grievance procedure allows an inmate to file a grievance addressing actions occurring or conditions present in the Macon County Jail by submitting an inmate request form indicating that the form is a "Grievance" and stating the basis for the grievance. *Defendants' Exhibit D - Doc. No. 21-10.* The evidentiary materials filed by the defendants demonstrate that Nettles failed to file a grievance regarding the claims made the basis of the instant complaint prior to filing this case. Nettles does not dispute his failure to properly exhaust the jail's grievance procedure. The court therefore concludes that the claims presented in this cause of action are subject

to dismissal without prejudice as Nettles failed to properly exhaust an administrative remedy available to him which is a precondition to proceeding in this court on such claims. *Ngo*, 548 U.S. at 87-94, 126 S.Ct. at 2384-2388; *Bryant*, 530 F.3d at 1374-1375 (dismissal for failure to exhaust an administrative remedy when the remedy remains available is not an adjudication of the merits and is without prejudice).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The motion to dismiss filed by the defendants be GRANTED to the extent the defendants seek dismissal of this case due to the plaintiff's failure to properly exhaust an administrative remedy currently available to him at the Macon County Jail.

2.  This case be DISMISSED without prejudice pursuant to the provisions of 42 U.S.C. § 1997e(a) for the plaintiff's failure to exhaust an administrative remedy presently available to him at the Macon County Jail.

It is further

ORDERED that on or before June 18, 2013 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not

appealable.

    Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon the grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 3rd day of June, 2013.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE